**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| CRYSTAL BOWMAN,<br><br>           Plaintiff,<br><br>     v.<br><br>JOSEPHINA FRANK, et al.,<br><br>           Defendants. | Case No.  5:25-cv-06372-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>[Re:  ECF No. 21] |

Pro se Plaintiff Crystal Bowman challenged her exclusion from the lands of the Bear River Band of the Rohnerville Rancheria by filing a petition of writ for habeas corpus pursuant to the Indian Civil Rights Act, 25 U.S.C. § 1303 ("ICRA").  ECF No. 1 ("Pet.").  Defendants Tribal Council, Tribal Council members, and Tribal Administrator move to dismiss under Federal Rule of Civil Procedure 12(b)(1), contending that Ms. Bowman's removal does not constitute a "detention" within the meaning of ICRA.  ECF No. 21 ("Mot."); ECF No. 23 ("Reply").  Ms. Bowman opposes the motion.  ECF No. 22 ("Opp."); *see also* ECF No. 25-1 ("Sur-Reply").[1]  The Court finds the matter suitable for decision without oral argument and VACATES the hearing set for May 28, 2026.  *See* Civ. L.R. 7-1(b).

For the following reasons, the Court agrees with Defendants that it lacks subject matter jurisdiction over the petition, GRANTS the motion, and DISMISSES the petition with leave to re-file in an appropriate forum.

## I.   BACKGROUND

The Parties belong to the Bear River Band of the Rohnerville Rancheria ("Tribe"), a

---

[1] On April 28, 2026, the Court granted Ms. Bowman's unopposed motion for leave to file a sur-reply.  ECF No. 26.

federally recognized Indian Tribe exercising jurisdiction over the federal trust lands of the Rohnerville Rancheria located near Loleta, California.  Pet. ¶¶ 5, 6.  Ms. Bowman resided on the Tribe's property until April 30, 2024, when the Tribal Council ordered her exclusion following its determination that she "pose[d] a healthy, safety, and general welfare risk to the . . . community." Pet. Ex. A at 1 ("Exclusion Order").  The Exclusion Order was promulgated pursuant to the Tribe's Exclusion Ordinance, which sets forth the procedures by which such orders may be issued, the notice required, and the manner by which such orders may be challenged or otherwise set aside.  *See* Pet. Ex. A at 3–9 ("Exclusion Ordinance").

The Exclusion Order was based on Ms. Bowman harboring her husband Jeffrey Bowman (who was himself subject to a prior exclusion order) on the Tribe's property.  Pet. ¶ 15. Ms. Bowman was subsequently removed from her home by the Tribal Police and received notice that she "was being charged over $8,000 for the moving and storage."  Pet. ¶¶ 21, 24.  On April 22, 2025, the Tribal Council denied Ms. Bowman's request for reconsideration of the Exclusion Order, indicating that it "would like to see further development" from Ms. Bowman and encouraging her "to submit another request for reconsideration in six (6) months."  Pet. Ex. A at 2 ("Reconsideration Letter").

On July 30, 2025, Ms. Bowman challenged the Exclusion Order by filing the petition, requesting that the Court "[d]eclare that [the] Order is a sufficiently severe potential or actual restraint on liberty to warrant habeas review" and "[i]ssue an Order vacating Petitioner's removal from her home."  Pet. at 5.

## II.    LEGAL STANDARD

A party may challenge the Court's subject matter jurisdiction by bringing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1).  "A Rule 12(b)(1) jurisdictional attack may be facial or factual."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the movant asserts that the lack of subject matter jurisdiction is apparent from the face of the complaint.  *Id.*  In a factual attack, the movant disputes the truth of allegations that otherwise would give rise to federal jurisdiction.  *Id.*  "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to

dismiss into a motion for summary judgment." *Id.* "The court need not presume the truthfulness of the plaintiff's allegations." *Id.* If the moving party presents evidence demonstrating the lack of subject matter jurisdiction, the party opposing the motion must present affidavits or other evidence sufficient to establish subject matter jurisdiction. *Id.*

ICRA section 1303 provides the exclusive remedy for violations of the statute. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 60 (1978); *see also* 25 U.S.C. § 1303 ("The privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe."). Federal courts accordingly "are authorized only to address properly filed applications for habeas relief and are not granted general jurisdiction to consider appeals from the decisions of tribal courts addressing other matters." *Napoles v. Rogers*, No. 16-cv-01933-DAD-JLT, 2017 WL 2930852, at *3 (E.D. Cal. July 10, 2017), *aff'd,* 743 F. App'x 136 (9th Cir. 2018). To establish ICRA jurisdiction, a petitioner must demonstrate that she has been "detained" as that term is used in section 1303. *Jeffredo v. Macarro*, 599 F.3d 913, 918 (9th Cir. 2010).

## III.    DISCUSSION

Defendants argue that the Court lacks jurisdiction over Ms. Bowman's petition because she is not in detention, analogizing the facts in this case to those in *Tavares v. Whitehouse*, 851 F.3d 863 (9th Cir. 2017), where the Ninth Circuit held that exclusion "from tribal events, properties, offices, schools, health and wellness facilities, a park, and the casino" did not constitute a cognizable detention under ICRA. Mot at 4–5 (quoting *Tavares*, 851 F.3d at 868). Ms. Bowman responds that this case is not controlled by *Tavares* because "[s]evere restraints on liberty, including banishment and expulsion from one's residence and community, may constitute detention when the restraint is ongoing and coercively enforced." Opp. at 2.

The sole issue before the Court is whether the Exclusion Order constitutes a "detention" within the meaning of ICRA. "Two foundational principles guide this court's application of the statute: the concepts of 'tribal sovereignty and congressional primacy in Indian affairs.' Because of these principles, federal courts are to 'refrain from interpreting federal statutes in a way that limits tribal autonomy unless there are "clear indications" that Congress intended to do so.'"

*Napoles*, 2017 WL 2930852, at \*4 (quoting *Tavares*, 851 F.3d at 870). Bearing these principles in mind, the Court must determine whether the Exclusion Order "pose[s] a severe actual or potential restraint on [Ms. Bowman's] liberty" so as to constitute a detention. *Jeffredo*, 599 F.3d at 919. The Court agrees with Defendants that Ms. Bowman's "allegations here show no "severe restraint" that would permit invocation of Section 1303." *John v. Garcia*, No. 16-cv-02368-WHA, 2018 WL 1569760, at \*4 (N.D. Cal. Mar. 31, 2018).

The Ninth Circuit has recently analyzed jurisdiction under ICRA and drawn a distinction between actionable "detention" and non-actionable "temporary exclusion." *Tavares*, 851 F.3d at 872. Applying the Ninth Circuit's guidance, courts in this district have determined that they lacked jurisdiction over ICRA habeas petitions where "petitioners were never arrested, imprisoned, fined, 'or otherwise held by the Tribe,' nor had they been evicted or 'suffered destruction of their property.'" *John*, 2018 WL 1569760, at \*4 (quoting *Jeffredo*, 599 F.3d at 919). The distinction rests on the principle that "there is no federal habeas jurisdiction over tribal membership disputes." *Tavares*, 851 F.3d at 875; *see also id.* at 877 ("[R]ecognizing the temporary exclusion orders at issue here as beyond the scope of 'detention' under the ICRA bolsters tribes' sovereign authority to determine the makeup of their communities and best preserves the rule that federal courts should not entangle themselves in such disputes.").

The allegations set forth in the petition make clear that the Exclusion Order constitutes a temporary exclusion from the Tribe's property, not a permanent banishment or sufficiently severe restriction on Ms. Bowman's liberty so as to constitute a detention. *Cf. Jeffredo*, 599 F.3d at 916 (noting that disenrollment is not tantamount to banishment). There is no indication that Ms. Bowman has been charged or convicted of any criminal offense, had her tribal citizenship revoked, been banished, excluded from the Tribe's political processes, or otherwise denied tribal benefits. *See* ECF No. 21-1 ("Frank Decl.") ¶¶ 3, 14. Moreoover, as Ms. Bowman recognizes, she may seek reconsideration of the Exclusion Order every six months. *See* Sur-Reply at 2. Ms. Bowman's argument that the "cumulative effect of the[] restraints constitutes constructive detention," *see* Opp. at 4, is unpersuasive. While the Court is mindful of the hardships she describes, they are simply the consequences of the same kind of "temporary exclusion" before the

4

Ninth Circuit in *Tavares*.

Finally, to the extent that Ms. Bowman contends that she was not given sufficient due process to contest her exclusion, *see* Opp. at 3–4, she raises a due process challenge whose proper forum is the Tribe's Tribal Court, not the federal courts. *See Santa Clara Pueblo*, 436 U.S. at 65–66.

## IV.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) The motion is GRANTED.

(2) The petition is DISMISSED for lack of subject matter jurisdiction.

(3) The Court will direct entry of judgment for Defendants.

Dated:  May 19, 2026

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

5